IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| TYCORY M. HILL, | ) | |
|---|---|---|
| Petitioner; | ) | |
| vs. | ) | 1:13-cv-08033-LSC-TMP |
| | ) | 1:10-cr-224-LSC-TMP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**Memorandum of Opinion**

Before the Court is Petitioner Tycory M. Hill's ("Hill") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on August 9, 2013. Hill argues that his conviction at trial was a product of ineffective assistance of counsel. He seeks an evidentiary hearing to further his claims. The government has responded to Hill's § 2255 motion and Hill has replied. Accordingly, the motion is ripe for disposition. For the reasons stated below, Hill's § 2255 motion is due to be denied.

## I. Facts and Procedural History

On June 30, 2010, Hill was charged in a three-count indictment with armed bank robbery under 18 U.S.C. § 2113; conspiracy to commit armed bank robbery under 18 U.S.C. § 331; and brandishing a firearm in commission of a bank robbery under 18 U.S.C. § 924(c). The indictment accused Hill and his co-defendants of robbing a bank in Munford, Alabama, holding the tellers at gunpoint, and fleeing the bank with approximately $178,000.

Hill pled not guilty and went to trial. On November 12, 2010, a jury found Hill guilty of all three counts. On March 30, 2011, Hill was sentenced to a term of 147 months. Hill was also ordered to pay restitution to the bank in the amount of $150,135.[1] On April 8, 2011, Hill filed a notice of appeal, arguing a violation of his speedy trial rights. The Eleventh Circuit Court of Appeals affirmed Hill's conviction on August 24, 2012, and issued the decision as a mandate on September 27, 2012. Hill did not seek certiori from the Supreme Court.

## II. Discussion

Hill essentially asserts three grounds for relief, all based on alleged ineffective assistance of counsel:

---

[1] Approximately $27,000 from the robbery was recovered from one of Hill's co-defendants. The restitution order held all co-defendants jointly and severally liable for the remaining balance.

1. Counsel failed to timely file an objection to the Pre-Sentencing Report ("PSR");
2. Counsel failed to properly advise Hill of the advantages of pleading guilty and failed to properly pursue a plea agreement;
3. Counsel failed to explain to Hill the nature of the conspiracy charge against him.

To establish an ineffective assistance of counsel claim, a petitioner must show (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance actually prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). There is a presumption that counsel's conduct is "competent" under the Sixth Amendment. *See id.* at 689. To meet the deficient performance prong of *Strickland*, the petitioner must show that counsel's performance fell outside the "wide range" of professional assistance deemed adequate. *See id.* The "prejudice" prong asks whether there is a reasonable probability that the outcome of the relevant proceeding would have been different had counsel's performance not been deficient. *See id.* at 694. A court is "free to dispose of ineffectiveness claims on either of [*Strickland*'s] two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998)

### A. Failure to File a Timely Objection to the PSR

Hill argues a violation of his right to constitutionally adequate counsel, and

bases the claim on an allegation that his attorney failed to timely file an objection to the PSR. Specifically, Hill points to counsel's late-filed objection to the identity of the restitution recipient. At the sentencing hearing, counsel argued that the Federal Deposit Insurance Corporation ("FDIC") should receive restitution payments rather than the bank, as the FDIC had already fully reimbursed the bank for the losses resulting from the robbery. Counsel argued that allowing the bank to collect restitution would lead to unjust enrichment. The Court overruled the objection since it was not timely.

   Hill has not explained how counsel's failure to object timely concerning the restitution issue resulted in any prejudice. Whether the $150,000 in restitution is paid to the bank in question or to the FDIC, Hill is still responsible for the same sum and is serving the same custodial sentence. Put simply, Hill has offered nothing to suggest that the result of his proceedings would have been meaningfully different had his counsel filed a timely objection concerning the proper recipient of the court-ordered restitution. *See Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (stating that the alleged error by counsel must have "some conceivable effect on the outcome of the proceeding") (internal quotation marks omitted).

### B. Failure to Advise Hill of the Advantages of Pleading Guilty or to Pursue a Plea Agreement on Hill's Behalf.

Hill also bases an ineffective assistance of counsel claim on an allegation that his counsel failed to adequately advise him of the advantages of pleading guilty. Hill argues that, had he known that the sentencing guidelines allow for a reduction when a defendant clearly accepts responsibility for the crime in question, he would have pled guilty rather than proceeded to trial. Furthermore, Hill alleges that counsel did not adequately negotiate with the government in an attempt to obtain a plea agreement. When addressing an ineffective assistance of counsel claim alleging that counsel failed to inform the defendant of the advantages of pleading guilty, the relevant question for the "prejudice" prong is whether there is a reasonable probability that, but for counsel's alleged deficient performance, the defendant would have pleaded guilty and would not have insisted on going to trial. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Hill's allegations that he would have pled guilty as part of a plea agreement are conclusory and speculative, and thus do not entitle him to relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that a petitioner is not entitled to relief under an ineffective assistance claim when "his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are

wholly incredible'" (quoting *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990))).

Hill states in his affidavit that he and counsel discussed the possibility of a "five or ten year" agreement. However, Hill does not allege that any such agreement was offered, nor does he allege that he indicated at the time that he wanted to accept an offer of a plea agreement. While Hill now claims that he "had a desire to plead guilty" as part of an agreement, such an assertion is exactly the type of unsupported, "after-the-fact" statement that does not entitle a petitioner to relief. *See Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (affirming a district court's denial of an evidentiary hearing for an ineffective assistance claim, and noting that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish [prejudice]").

Furthermore, Hill's own actions advocate against a finding of prejudice. Counsel states in his affidavit that Hill was opposed to the idea of pleading guilty, and that Hill expressed a desire to be vindicated at trial. *See* Cv. Doc. 5-1, at 1. While the Court may not take counsel's word over Hill's simply because counsel is an attorney, in this instance the record undermines Hill's allegation that he had a desire to plead guilty. At the sentencing hearing, Hill's counsel stated that "[w]e had to go to trial, and [Hill] still maintains his innocence." Cr. Doc. 108, at 6. Furthermore, Hill himself demonstrated his commitment to his not-guilty plea at the sentencing hearing, stating

that "I still stand here saying that I was an innocent man, just got affiliated with the wrong people, guilty by association is what I would call it." *Id.* at 8. In light of Hill's continued insistence before and after trial of his innocence, there is no "reasonable probability" that he would have pled guilty had his attorney worked harder to secure an offer of a plea agreement. *See Osley v. United States*, 751 F.3d 1214, 1224 (11th Cir. 2014) (affirming a district court's denial of an evidentiary hearing, and stating that "[petitioner's] claim that he would have pled guilty had he been properly informed is also undermined by his repeated claims of innocence"); *see also id.* (specifically pointing to the petitioner's continued insistence at the sentencing hearing that he was innocent as a factor advocating against a finding of prejudice).

Finally, Hill argues that counsel failed to explain adequately to him the advantages of pleading guilty, including the fact that Hill would potentially receive a lesser sentence by taking responsibility for his crimes. This argument fails for many of the same reasons. First, there is evidence in the record making it difficult to believe that counsel's performance was "objectively unreasonable" under the first prong of *Strickland*. Counsel states in his affidavit that not only did he discuss with Hill the advantages of pleading guilty, but that, in light of the overwhelming evidence against Hill, he actually advised Hill to plead guilty. While Hill denies this, Hill does admit

in his affidavit that he and counsel discussed the prospect of negotiating a plea agreement. *See* Doc. 4, at 17. This Court finds it hard to believe that a discussion concerning possible plea negotiations would not also touch on the basic advantages of pleading guilty. *See Tejada*, 941 F.2d at 1559 (stating that a petitioner is not entitled to relief under an ineffective assistance claim when "his claims are . . . 'contentions that in the face of the record are wholly incredible'" (quoting *Stano*, 901 F.2d at 899)).

However, even assuming that counsel's performance was deficient, Hill cannot show prejudice. Again, Hill's insistence that he was innocent cautions against finding a "reasonable probability" that he would have accepted responsibility for his crime in exchange for a two-point reduction in sentence. *See Osley*, 751 F.3d at 1224. Furthermore, while Hill asserts that had he known about the potential reduction in sentence, "he would have pled guilty . . . *in a plea agreement*, instead of rolling the dice at trial,"(Cv. Doc. 4, at 6) (emphasis added), such a statement is conclusory and conditioned on the existence of a plea agreement, which Hill has not alleged. To the extent that Hill argues that he would have chosen to submit an "open plea," such a plea would still require an admission of culpability by Hill in order to receive the sought-after two-point sentence reduction. *See* U.S. Sentencing Guidelines Manual

§ 3E1.1 cmt. n.1 (2004) (stating that reduction considerations include whether the defendant is willing to "truthfully admit[] the conduct comprising the offense(s)"). At no point did Hill show a willingness to accept responsibility for his offenses, including at the sentencing hearing.

Hill's allegations concerning counsel's failure both to negotiate a plea agreement and to advise him of the advantages of pleading guilty fail to establish a reasonable probability of prejudice. There is nothing on record—other than Hill's self-serving, post-sentencing assertions—showing that Hill had any inclination to plead guilty. Rather, Hill's conduct throughout the proceedings suggests that he was adamant about trying his case, and that his "desire to plead guilty" arose only after he was sentenced to a term longer than he expected.

### C. Failure to Explain the Nature of the Conspiracy Charge

Lastly, Hill argues that his attorney was ineffective because he failed to adequately explain to Hill the nature of the conspiracy charge. Again, Hill fails to demonstrate how counsel's alleged deficient performance prejudiced him, as he does not allege that a plea agreement was ever offered—only that counsel should have negotiated for one more vigorously. The alleged harm is too speculative, and differs significantly from cases where counsel's poor advice affected a defendant's decision

whether to accept an existing offer for plea agreement. *Cf. Lafler v. Cooper*, 132 S. Ct. 1376, 1390–91 (2012) (finding prejudice where the petitioner turned down an *existing* plea offer based on an erroneous explanation of the "intent" element of a charge).[2]

Furthermore, Hill cannot establish a reasonable probability that he would have pled guilty but for his misunderstanding of the conspiracy charge when, knowing exactly what was required to establish guilt under the two charges (armed robbery and brandishing a firearm), Hill elected to go to trial. Hill alleges this deficient performance with respect to only the conspiracy count; Hill does not allege that he lacked an informed basis to decide whether to go to trial for the bank robbery and the firearm charge. Hill's insistence on going to trial on the other two charges in the indictment advocate against a finding of prejudice.

Hill's claims express his regret in pleading not guilty and taking his chances at trial. In hindsight, Hill would prefer to have pled guilty in hopes of receiving a lesser sentence. However, this is not the purpose of a § 2255 petition.

---

[2] When considering whether a "failure to explain a charge" claim prejudiced the defendant, other courts have also emphasized the difference between cases in which a plea agreement was offered and cases where the petitioner merely alleges deficient performance with respect to negotiation. *See, e.g.*, *Munguia v. United States*, No. 1:09-cv-170, 2013 WL 5306192, at *11 (E.D. Tenn., Sept. 20, 2013) ("[Petitioner] claims that counsel was ineffective for failing to explain the elements of a conspiracy charge . . . . This claim fails. . . . [Petitioner] cannot show that, but for the alleged deficient performance of his counsel, he could have obtained a 'favorable' plea agreement from the United States Attorney and pleaded guilty instead of taking his case to trial.").

### III. Conclusion

For the foregoing reasons, Hill's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice. The request for an evidentiary hearing is rendered moot.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Hill's claims do not satisfy either standard.

A separate Order will be entered consistent with this Opinion.

Done this 2nd day of December 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822